**UNITED STATES of America**

v.

**Richard DABNEY et al.**

**Crim. No. 73-471.**

United States District Court,
E. D. Pennsylvania.

July 18, 1975.

Jeffrey M. Miller, Philadelphia, Pa., for plaintiff.

Ronald M. McCaskill, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

On May 31, 1974, defendant Richard Dabney was found guilty by a jury on four counts charging him with conspiracy and violation of the federal bank robbery statute, 18 U.S.C. §§ 371 and 2113. On March 6, 1975, this Court denied Dabney's post-trial motions seeking, in the alternative, (1) dismissal of the indictment, (2) a new trial, or (3) arrest of judgment. Thereafter on March 13, 1975, we sentenced him to five years on the conspiracy count, to run concurrently with a fifteen year general sentence imposed on the bank robbery counts; the judgment of conviction was entered on the criminal docket the following day, March 14, 1975. On March 25, 1975, eleven days after the judgment of conviction was entered, Dabney filed a notice of appeal in the District Court. In a Memorandum and Order of March 31, 1975, we extended the time for filing of the notice of appeal until the date of that Order, thus making timely the notice filed on March 25, 1975. Dabney's appeal is now pending before the United States Court of Appeals for the Third Circuit, and the record of the proceedings before this Court has been transmitted to the Court of Appeals (No. 75–1431).

In a letter to this Court dated 6–1–75,[1] which was mailed on July 3, 1975, and received in Chambers on July 7, 1975, Dabney has requested a reduction of sentence, which we shall construe as a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

■ Dabney's motion was made within the 120 day period mandated by Rule 35. We conclude, however, that we may not entertain that motion at this juncture. Decisions of Courts of Appeals have been uniform in holding that a District Court Judge may not consider a motion to reduce sentence under Rule 35 during the pendency of appellate proceedings, *United States v. Burns*, 446 F. 2d 896, 897 (9th Cir. 1971); *United States v. Grabina*, 309 F.2d 783, 785 (2d Cir. 1962), cert. den. 374 U.S. 836, 83 S. Ct. 1885, 10 L.Ed.2d 1057. See *Berman v. United States*, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937); *United States v. Dooley*, 471 F.2d 570, 571 n. 1 (8th Cir. 1973); cf. *United States v. Ellenbogen*, 390 F.2d 537 (2d Cir. 1968). While this reading of Rule 35 has been criticized, Wright, Federal Practice and Procedure, Criminal § 587, we are convinced that it accurately states the law.

We note that Rule 35 specifically provides that the District Court may reduce a sentence "within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal". Accordingly, Dabney is free to file a motion for reduction of sentence at such later time as is permitted by the rule, should the judgment of conviction be affirmed, or the appeal be dismissed.

■■ Accordingly, the motion under Rule 35 will be denied[2] and an appropriate Order will be entered.

---

1. We have no way of ascertaining whether Mr. Dabney inadvertently dated the letter "6–1–75" instead of "7–1–75", or whether he withheld sending it until July 3, 1975, the date it was postmarked. We, of course, received it, as noted, within four days after posting.

2. We note that, in proceedings under Rule 35, the District Court need not, under ordinary circumstances, hear oral argument or hold a hearing, *United States v. Krueger*, 454 F.2d 1154, 1155 (9th Cir. 1972). While there may be extraordinary situations in which it would be an abuse of discretion to deny a hearing, see *United States v. Ginzburg*, 398 F.2d 52, 54–56 (3d Cir. 1968), such cases involve disputed issues of fact which could be material to the sentencing process. In the instant case, there are no disputed issues of fact material to our decision on the motion for reduction of sentence, since the dispositive fact; viz., the pendency of an appeal, may be judicially noticed.