**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peter SANZO, Defendant-Appellant.**

**No. 87–3459.**

United States Court of Appeals,
Sixth Circuit.

Decided Oct. 23, 1987.

David C. Eisler, Cleveland, Ohio, (Court-appointed), for defendant-appellant.

Robert J. Becker, Bernard Smith, Cleveland, Ohio, for plaintiff-appellee.

Before LIVELY, Chief Judge; MILBURN, Circuit Judge; and EDWARDS, Senior Circuit Judge.

## ORDER

The defendant was convicted by a jury for possessing a firearm being a felon, in violation of 18 U.S.C.App. § 1202(a). Following a hearing, the district court found the defendant to be a dangerous special offender under 18 U.S.C. § 3575 and sen-tenced the defendant to concurrent terms of two and fifteen years imprisonment. This appeal followed.

After filing his notice of appeal, the defendant filed in the district court a motion under Rule 35(b), Federal Rules of Criminal Procedure, for reduction of his sentence. He now moves this court to remand his appeal to the district court for consideration of the Rule 35(b) motion.

A district court has no jurisdiction to rule upon a Rule 35(b) motion after a notice of appeal has been filed. *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir.), *cert. denied*, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 366 (1984). The mere filing of a Rule 35(b) motion, however, does not justify the interruption of the appellate process to permit the consideration of what may prove to be an unsuccessful and time-consuming procedure. Instead, we conclude the defendant must submit certification by the district court that it is inclined to grant the Rule 35(b) motion before a remand is warranted. *See United States v. Ellsworth*, 814 F.2d 613 (11th Cir.1987) (*per curiam*); *cf. United States v. Phillips*, 558 F.2d 363 (6th Cir.1977) (*per curiam*) (Rule 33 motion for new trial in a criminal action); *First National Bank v. Hirsch*, 535 F.2d 343 (6th Cir.1976) (*per curiam*) (Rule 60(b) motion to vacate judgment in a civil action). The district court has not made such a certification in this case.

It is therefore **ORDERED** that the motion to remand is denied. Such denial is without prejudice to the resubmission of this motion in the event the district court certifies it is inclined to grant the Rule 35(b) motion submitted therein.