### UNITED STATES of America

v.

### BATKA, Francis Joseph, Appellant.

### No. 90–1321.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Oct. 9, 1990.

Decided Oct. 18, 1990.

---

Robin G. Marks, Joy E. McGinnis, Francis J. Hartman, Chartered, Moorestown, N.J., for appellant.

Michael M. Baylson, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Linda Dale Hoffa, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before GREENBERG, HUTCHINSON and COWEN, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

The facts of this case are as follows. Appellant Francis Joseph Batka was convicted of mail fraud, 18 U.S.C. § 1341, and interstate transportation of securities obtained by fraud, 18 U.S.C. § 2314, the offenses having been committed in 1984. As germane to this appeal, he was sentenced on October 5, 1989, to a one year term of imprisonment, fined $20,000 and ordered to make restitution of $24,700. The district court ordered, however, that if he made restitution on or before December 4, 1989, the period of incarceration would be reduced to six months in a community treatment center and execution of the sentence was postponed until that date.

Batka filed a timely appeal to this court and then sought and obtained several extensions from the district court of the time to pay the fine and restitution and to surrender. Eventually the district court denied a further extension and, as Batka did not surrender, it issued a warrant for his arrest on which he was apprehended on March 2, 1990. Batka then again moved in the district court for an extension of time to pay the restitution so that his term of incarceration could be reduced to six months as was possible under the original sentence.[1] Inasmuch as Batka had started serving the original sentence, the district court in a memorandum opinion construed this motion to be for a reduction of sentence under Fed.R.Crim.P. 35(b).[2] It then concluded that in view of Batka's appeal it no longer had jurisdiction.[3] On April 13, 1990, the district court entered an order

---

1. This motion was in the form of a letter to the court dated April 3, 1990, which the court ordered treated as a motion.

2. We are deciding this appeal on the basis of the version of Rule 35(b) applicable to offenses committed prior to November 1, 1987. We do not, however, by this observation imply that our result would be different for an offense committed after that date.

3. It also rejected an argument advanced by Batka that 18 U.S.C. § 3563 is applicable in this case, as that section deals with sentences involving probation which was not imposed. Batka does not challenge this determination.

denying Batka's motion "as being beyond the court's power to grant." Batka has appealed.

 We will affirm. We agree with the district court that Batka's motion sought a reduction of sentence. While we have been referred to no precedent of this court addressing the jurisdictional problem at hand, we are satisfied "that the district court lacked jurisdiction to consider or act upon the Rule 35 motion after the notice of appeal had been filed." *United States v. Holloway,* 740 F.2d 1373, 1382 (6th Cir.), *cert. denied,* 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 366 (1984). *See United States v. Sanzo,* 831 F.2d 671 (6th Cir.1987); *United States v. Dabney,* 397 F.Supp. 782 (E.D.Pa.1975), *aff'd,* 527 F.2d 644 (3d Cir. 1976). *See also United States v. Hitchmon,* 587 F.2d 1357 (5th Cir.1979); *In re Garmon,* 572 F.2d 1373, 1377 (9th Cir. 1978). This result is in harmony with the general principle that when an appeal is taken the appellate court obtains exclusive jurisdiction over the aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).

■ Batka advances the argument that he is being denied equal protection of the law as, in his view, he is incarcerated for the one year term because of his lack of financial resources.[4] This argument, however, was not raised in the district court. Indeed, Batka sought more time from the district court to satisfy the conditions of the sentence and thus, at least inferentially, conceded that the sentence was valid. Had he urged that the provision for a reduced term of imprisonment was invalid, the district court might have never imposed the sentence with the provision for a reduction in the period of incarceration. Thus,

even if we had jurisdiction to consider this contention, we would not do so.[5]

The order of April 13, 1990, will be affirmed.

---

**4.** Batka claims that he finally was able to make arrangements for the restitution after he was incarcerated.

**5.** Conceivably while an appeal is pending a district court could hear a motion under Rule 35(b) and, if inclined to grant it, certify its inclination or intention to the court of appeals, which could then entertain a motion to remand the case for entry of the order. *Cf. Hancock*

*Industries v. Schaeffer,* 811 F.2d 225, 239–40 (3d Cir.1987) (suggesting this procedure for motions under Fed.R.Civ.P. 60(b)). *See also United States v. Sanzo,* 831 F.2d at 672. Indeed, it might be desirable to have such a procedure. *See 3 Wright, Federal Practice and Procedure* § 587 at 412 (1982). However, Batka does not suggest that we adopt this procedure.