UNITED STATES of America, Plaintiff–Appellee,

v.

Kenneth BINGHAM, Defendant–Appellant.

No. 92–1015.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 4, 1993.

Decided Oct. 8, 1993.

Barry R. Elden, Asst. U.S. Atty. (submitted), Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Deborah J. Gubin, Chicago, IL, for defendant-appellant.

Before CUDAHY, RIPPLE and ROVNER, Circuit Judges.

PER CURIAM.

On October 4, 1993, the parties in this direct criminal appeal filed an agreed motion to remand this case to allow the district court to resentence the defendant. On October 8, 1993, we denied the motion without prejudice to its renewal if the district court certifies its intention to resentence. We have since decided to publish our opinion to advise district courts of the certification procedure we have adopted for Fed.R.Crim.P. 35(b) motions made during the pendency of an appeal.

Once a notice of appeal has been filed, the district court lacks jurisdiction to rule on a Fed.R.Crim.P. 35(b) motion to reduce sentence. *United States v. Kerley*, 838 F.2d 932, 941 (7th Cir.1988). Rule 35 comes into play only after the exhaustion of appellate remedies, *id.*; a question thus arises as to the proper procedure to follow when a Rule 35(b) motion is made during the pendency of an appeal. Because "[t]he mere filing of a Rule 35(b) motion ... does not justify the interruption of the appellate process to permit the consideration of what may prove to be an unsuccessful and time-consuming procedure," *United States v. Sanzo*, 831 F.2d 671, 672 (6th Cir.1987), we adopt the certification procedure employed by the Sixth Circuit in *Sanzo* and suggested by the Third Circuit in *United States v. Batka*, 916 F.2d 118, 120 n. 5 (3d Cir.1990). Where a party moves for sentence reduction under Rule 35(b) during the pendency of an appeal, it must request that the district court certify its inclination to grant the motion. If the district court is inclined to resentence the defendant, it shall certify its intention to do so in writing. The government (or the parties jointly) may then request that we remand by way of a motion that includes a copy of the district court's certification order.

Consistent with this procedure, the parties to this appeal may renew their agreed motion to remand if the district court certifies that it is inclined to resentence the defendant.