91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph GALAVIZ, Jose Galaviz, Defendants-Appellants.
 Nos. 94-2403, 94-2463.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1996.
 
 Before: ENGEL, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Ralph Galaviz appeals from the sentence imposed on his conviction for conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. Defendant-Appellant Jose Galaviz appeals the sentence imposed on his convictions for conspiracy to distribute cocaine and marijuana in violation of § 846 and for using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). At issue is whether the district court erred in determining the roles Ralph and Jose played in these offenses and in determining the drug quantity for which Jose was accountable. Also at issue are whether Jose's conviction under § 924(c) has an adequate basis in fact and whether the district court lacked jurisdiction to grant Defendants' Rule 35(b) motions to reduce their sentences after the filing of their notices of appeal. We affirm in part and reverse in part.
 
 BACKGROUND
 
 2
 In 1991, Ralph Galaviz began a drug trafficking organization with two equal partners. Robert Lopez and Michael Cruz. When Ralph's brother Jose Galaviz was released from state prison, he joined the organization and participated in its profits. The organization was concerned primarily with the buying and selling of marijuana and cocaine and operated to that end until November 1993, when investigators executed warrants on the co-conspirators' residences and arrested them for various drug trafficking offenses.
 
 
 3
 In a Second Superseding Indictment filed April 13, 1994, Ralph and Jose Galaviz were charged with committing multiple federal drug and weapons offenses. On June 29, 1994, both Defendants entered guilty pleas pursuant to Rule 11 plea agreements. Ralph pleaded guilty to one count of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. Jose pleaded guilty to one count of the same offense as well as to one count of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). A search of Jose's residence turned up four-and-one-half ounces of marijuana and a .357 magnum revolver located in a bedroom closet.
 
 
 4
 Thereafter, Jose was scheduled to be sentenced, but failed to appear on the scheduled date. He was indicted for that reason on October 12, 1994, and later entered a plea of guilty to the charge. Jose was sentenced on November 23, 1994, on both his original convictions as well as on his conviction for failure to appear. In determining Jose's sentence, the district court found that over the course of the conspiracy he was responsible for at least five kilograms of cocaine and that he was not entitled to the decrease in offense level available under U.S.S.G. § 3B1.2(b) for a defendant who is a "minor participant" in a criminal activity. The court then sentenced Jose to a total of 249 months of incarceration and five years of supervised release.
 
 
 5
 Ralph was sentenced on the same day as Jose. The district court found that Ralph had played an aggravating role in his offense by acting as an "organizer" of a criminal conspiracy involving five or more participants and enhanced his sentence under U.S.S.G. § 3B1.1(a). The court sentenced Ralph to 294 months of incarceration, a fine of $10,000, and a five year-term of supervised release.
 
 
 6
 Both defendants timely appealed.
 
 
 7
 After the filing of Defendants' notices of appeal, the United States moved the district court under Federal Rule of Criminal Procedure 35(b) to reduce their sentences based on their subsequent cooperation. The court granted the motions, reducing Defendants' sentences.
 
 DISCUSSION
 
 8
 On appeal both Defendants challenge the district court's determination as to their roles in the offenses of which they were convicted. Jose also raises two additional claims. He maintains that the court erred in finding that he was responsible for five kilograms of cocaine and that under the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995)--decided after the briefing in this case--his mere possession of a firearm in connection with a drug trafficking crime is not enough to support liability under § 924(c).
 
 
 9
 In support of the district court's rulings, the government contends that the district court properly determined Defendants' roles in their offenses and properly adjudged Jose responsible for five kilograms of cocaine. However, the government agrees with Jose that his conviction under § 924(c) cannot stand in the wake of Bailey. Furthermore, the government adds that the district court lacked jurisdiction to grant its Rule 35(b) motions during the pendency of the instant appeals and that its orders to that effect must therefore be vacated.
 
 
 10
 * We first consider Defendants' claims that the district court erred in determining their roles in their respective offenses. Ralph claims that the court improperly enhanced his sentence under U.S.S.G. § 3B1.1(a) for playing an "aggravating role" in the conspiracy. Jose claims that the court erred in not decreasing his offense level under U.S.S.G. § 3B1.2(b) based on his "minor" role in the conspiracy. The government disagrees on both counts.
 
 
 11
 A determination by a district court as to a defendant's role in the offense is reviewed for clear error. United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.), cert. denied, 500 U.S. 945 (1991); United States v. Barrett, 890 F.2d 855, 867-68 (6th Cir.1989). In our view, the court did not commit clear err in determining Defendants' roles in the subject offenses.
 
 
 12
 * Section 3B1.1 of the United States Sentencing Guidelines provides for an increase in a defendant's offense level based on his aggravating role in any criminal activity. Under subsection (a) of that provision, a defendant's sentence is increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Factors pertinent to determining a leadership or organizational role include the following:
 
 
 13
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 14
 U.S.S.G. § 3B1.1, comment. (n. 4).
 
 
 15
 Our review of the record reveals no error in the district court's determination that Ralph was a leader or organizer of a criminal activity within the ambit of § 3B1.1(a). He was one of several individuals who formed a core group that pooled their money on a regular basis over at least a two-year period and obtained kilogram quantities of cocaine from an out-of-state source on a monthly basis. He participated in planning the conspiracy, procured drugs from another state, and provided drugs to at least three buyers. Also, he was involved with substantial amounts of money and the record permits an inference that he was profiting from a given drug deal more than the street level dealer.
 
 B
 
 16
 Nor can we conclude that the district court erred in declining to decrease Jose's offense level for his "minor" role in the offense. Section 3B1.2 of the United States Sentencing Guidelines provides for a decrease in a defendant's offense level based on his "minimal" or "minor" role in any criminal activity. A defendant is a "minimal participant" in criminal activity if "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n. 1). A defendant is a "minor participant," if "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment., (n. 3); see United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 (1994).
 
 
 17
 Jose concedes that he was not merely a mule or a one-time participant in the conspiracy. While he may have dealt in fewer drugs than his brother and the other organizers and leaders of the conspiracy, he was nevertheless part of the small group that pooled its money to buy and distribute drugs on multiple occasions. He was aware of the extensive nature of the conspiracy and participated in it for nearly two years, having direct contact with the primary source of the cocaine for the conspiracy. As with his brother Ralph, the record supports the court's determination as to Jose's role in the offense.
 
 II
 
 18
 We next consider Jose's claim that the district court erred in measuring the quantity of drugs for which he was accountable. Jose emphasizes that he was not involved in the conspiracy until after he was released from prison and that in finding him responsible for five kilograms of cocaine, the court held him accountable for the same amount for which his brother Ralph was held responsible. Again, the government disagrees.
 
 
 19
 We review a district court's determination of the amount of drugs for which a defendant is accountable under the clearly erroneous standard. Barrett, 890 F.2d at 867. Applying that standard here, we find no error in the court's determination.
 
 
 20
 Although Jose was in prison upon formation of the conspiracy, he was involved with it over a period of approximately twenty-two months. As noted above, he pooled his money with the other members of the core group and picked up kilogram quantities of cocaine direct from the source on several occasions. As the government points out, the fact that the district court concluded that Jose was responsible for an amount similar to that of Ralph does not mean that it failed to look at Jose's individual conduct. In our judgment, the court's finding as to the amount of drugs for which Jose was responsible is amply supported by the record. See United States v. Jenkins, 4 F.3d 1338, 1346 (6th Cir.1993) (indicating that a co-conspirator is responsible for another co-conspirator's conduct "if that conduct was reasonably foreseeable to him and in furtherance of the execution of the jointly undertaken criminal activity"), cert. denied, 114 S.Ct. 1547 (1994).
 
 III
 
 21
 Next, we consider Jose's claim that his conviction under § 924(c) cannot survive the Supreme Court's recent decision in Bailey. Under Bailey, he claims, the mere possession of a firearm in connection with a drug trafficking crime is not enough to support liability under § 924(c). Like the government, we agree with Jose that Bailey requires reversal of his conviction under § 924(c). In Bailey, the Supreme Court held that the "use" prong of § 924(c) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 116 S.Ct. at 505. Mere possession of a firearm by a person who commits a drug offense is not enough. Id. at 506. The record in this case shows little more than that Jose possessed a weapon during and in relation to a drug offense. Thus, his conviction under § 924(c) must be reversed and his case remanded to the district court for resentencing.[1]
 
 IV
 
 22
 Finally, we consider the government's claim that the district court's orders granting its Rule 35(b) motions must be vacated because they were entered at a time when the court lacked jurisdiction over the case. According to the government, the court lacked jurisdiction to enter the orders because the only action a district court may take with respect to a sentence that is the subject of a pending appeal is the correction of an erroneous sentence under Rule 35(c), which must be done within seven days of imposition of the sentence. At oral argument, Defendants agreed.
 
 
 23
 A district court lacks jurisdiction to rule on a Rule 35(b) motion after a notice of appeal has been filed. United States v. Bingham, 10 F.3d 404, 405 (7th Cir.1993); United States v. Sanzo, 831 F.2d 671, 672 (6th Cir.1987); see United States v. Holloway, 740 F.2d 1373, 1382 (6th Cir.), cert. denied, 469 U.S. 1021 (1984); Fed.R.App.P. 4(b). The district court's orders on the government's Rule 35(b) motions were entered after Defendants' notices of appeal were filed. Thus, they were entered at a time when the court lacked jurisdiction over the case. Accordingly, the orders must be vacated and both Defendants' cases must be remanded to the district court for resentencing, i.e., reconsideration by the court of the government's Rule 35 motions for departure when it has jurisdiction to rule on them.
 
 CONCLUSION
 
 24
 For the reasons stated, the decisions of the district court regarding both Defendants' roles in their respective offenses are AFFIRMED, as is the court's determination of the quantity of drugs for which Jose was responsible. Jose's conviction under § 924(c) is REVERSED pursuant to Bailey. As to both Defendants, the court's orders on the government's Rule 35(b) motions are vacated. Accordingly, the case is remanded to the district court for resentencing consistent with this opinion.
 
 
 
 [1]
 In resentencing Jose, the district court may consider the propriety of enhancing his sentence for possession of a firearm in the course of a crime involving the unlawful manufacturing, importing, exporting, or trafficking of drugs under U.S.S.G. § 2D1.1(b)(1). United States v. Clements, --- F.3d ----, No. 94-5224, 1996 WL 327659, at * 2 (6th Cir. June 17, 1996); United States v. Hill, 79 F.3d at 1477, 1486 n. 4. (6th Cir.1996)