95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zendell Ray ADAMS, Defendant-Appellant.
 No. 95-6172.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1996.
 
 On Appeal From the United States District Court for Eastern District of Kentucky, No. 94-00038.
 E.D.Ky.
 VACATED.
 Before: ENGEL, SUHRHEINRICH and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Zendel Ray Adams appeals his conviction for creating a substantial risk of harm to human life while manufacturing a controlled substance in violation of 21 U.S.C. § 858, and his sentence on both that conviction and his conviction for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). At issue is whether the district court erred in (1) refusing to allow Adams to withdraw his guilty plea to his conviction under § 858; (2) enhancing Adams's sentence for possession of a dangerous weapon in relation to a narcotic offense under § U.S.S.G. § 2D1.1(b)(1); and (3) reversing the § 2D1.1(b)(1) assessment and applying a retroactive amendment to the Sentencing Guidelines after Adams filed a notice of appeal. We affirm in part, vacate the court's order resentencing Adams, and remand for resentencing.[1]
 
 FACTS
 
 2
 On September 21, 1994, troopers of the Kentucky State Police responded to a complaint of a marijuana patch at Beehive in the Slemp community of Perry County, Kentucky. During their surveillance of the area, they observed an individual, later identified as Zendel Ray Adams, drive a four-wheel vehicle up the hollow in their direction, stop the vehicle, and walk farther up the hollow. The troopers followed Adams up the road, which was blocked by cut trees, until they observed a campsite at which they found, among other things, a Mossburg 12-gauge shotgun with camouflage paint.
 
 
 3
 While at the campsite, the officers heard voices from a short distance. Upon investigation, they discovered Adams and another individual cultivating what appeared to be a patch of marijuana. After a period of observation, the troopers moved in. Adams managed to escape, but the officers arrested his companion. In cutting down the marijuana and preparing the transportation of the arrested individual from the area, one of the officers was bitten by a copperhead snake placed there by Adams.
 
 
 4
 Adams was eventually arrested on state charges and then indicted by a federal grand jury in a three-count indictment on October 20, 1994. Count one of the indictment charged him with possession and attempt to distribute eighty-nine marijuana plants in violation of 21 U.S.C. § 841(a)(1). Count two charged him with using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). And count three charged him with creating a substantial risk of harm to human life while manufacturing a controlled substance in violation of 21 U.S.C. § 858.
 
 
 5
 The case proceeded to trial on April 3, 1995, but Adams withdrew his plea of not guilty and, pursuant to a plea agreement under which the § 924(c) firearm count was to be dismissed, entered a plea of guilty to counts one and three of the indictment on April 4, 1995. Sentencing was set for August 8, 1995, but on June 14, 1995, Adams filed a motion to withdraw his guilty plea.
 
 
 6
 Following a hearing, the court denied the motion and reassigned the matter for sentencing on August 25, 1995. At the sentencing hearing, the court granted Adams a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but also enhanced his sentence two levels for possessing a dangerous weapon in relation to a drug offense under U.S.S.G. § 2D1.1(b)(1). The court then sentenced him to a term of eighty-seven months on each of counts one and three of the indictment, to be served concurrently, followed by thirty-six months of supervised release. Adams filed a notice of appeal on August 29, 1995.
 
 
 7
 Thereafter, on December 4, 1995, he moved the trial court to resentence him pursuant to a retroactive amendment to the Federal Sentencing Guidelines, Retroactive Sentencing Guideline Amendment No. 516, which reduces offense levels relating to marijuana plants. Both the government and the Probation Office concurred in Adam's request. In a letter dated December 12, 1995, the Probation Office further recommended that Adams's offense not trigger an enhancement based on his possession of the shotgun.
 
 
 8
 On December 20, 1995, the district court ordered that Adams was entitled to the requested and recommended relief under Federal Rule of Criminal Procedure 35(b) and 18 U.S.C. § 3582(c). Thus, the court reduced Adams's term of incarceration from eighty-seven months to thirty-three months.
 
 DISCUSSION
 
 9
 Adams raises three issues on appeal. First, he contends that the district court erred in refusing to allow him to withdraw his guilty plea and go forward with a trial on the merits. According to Adams, the record contains too little evidence to support a finding of his guilt on count three, which charged that he created a substantial risk of harm to human life. The government disagrees, arguing that Adams admitted his guilt when he entered his plea of guilty, during the course of the hearing on his motion to withdraw the guilty plea, and during his sentencing hearing.
 
 
 10
 Federal Rule of Criminal Procedure 32(e) provides that "[i]f a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Withdrawal of a guilty plea before sentencing is not an absolute right, but a matter of discretion with the district court. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (quoting United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978) (per curiam)). A defendant bears the burden to prove valid grounds for the withdrawal, United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990), and a decision by the court denying a motion to withdraw is reviewed for abuse of discretion, Stephens, 906 F.2d at 252; Spencer, 836 F.2d at 238 (citing Doherty v. American Motors Corp., 728 F.2d 334, 338 (6th Cir.1984)).
 
 
 11
 In our view, the district court did not abuse its discretion in denying Adams's motion to withdraw his guilty plea to count three of the indictment. No small amount of time passed between the time Adams entered his plea of guilty and the time he filed his motion to withdraw it. No substantial reason has been advanced regarding why he did not raise the motion earlier. And Adams admitted several times in the proceedings below his involvement in the pertinent events. Therefore, Adams's claim for withdrawal of his plea must fail.
 
 
 12
 The second and third issues raised by Adams are that the district court erred in giving him a two-level enhancement for using a firearm in relation to a narcotic offense under U.S.S.G. § 2D1.1(b)(1) and that he is entitled to the benefit of the retroactive amendment to the Sentencing Guidelines relating to marijuana plants, Retroactive Sentencing Guideline Amendment No. 516. In its brief on appeal, the government contends that these issues are moot because the court granted Adams's motion for resentencing. At oral argument, Adams initially agreed with that proposition, but upon suggestion of the Court, both Adams and the government acknowledged that the district court resentenced Adams at a time when it was without jurisdiction over the case.
 
 
 13
 A district court lacks jurisdiction to rule on a Rule 35(b) motion after a notice of appeal has been filed. United States v. Bingham, 10 F.3d 404, 405 (7th Cir.1993); United States v. Sanzo, 831 F.2d 671, 672 (6th Cir.1987); see United States v. Holloway, 740 F.2d 1373, 1382 (6th Cir.), cert. denied, 469 U.S. 1021 (1984); Fed.R.App.P. 4(b). The district court's order granting Adams's motion to resentence him was entered after his notice of appeal was filed. Thus, it was entered at a time when the court lacked jurisdiction over the case. Accordingly, the order must be vacated. Without objection from the parties, we decline to consider Adams's second and third claims on their merits and remand the case to the district court for resentencing.
 
 CONCLUSION
 
 14
 For the reasons stated, Adams's convictions for violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 858 are AFFIRMED. However, because the district court lacked jurisdiction to amend Adams's sentence after the filing of his notice of appeal, its decision to do so is VACATED and the case is remanded to the district court for resentencing.
 
 
 
 [1]
 The spelling of Defendant's name is not altogether clear from the record. It is spelled both with one "l", i.e., Zendel, and with two "l"s, i.e., Zendell. But the best information available, e.g., Defendant's brief on appeal, spells his name "Zendel." Thus, except for purposes of the case caption, we adopt that spelling in this opinion