**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PAUL S. ALDANA,

      Defendant - Appellant.

No. 98-4201
(D.C. No. 98-CR-122-03-S)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **PORFILIO, KELLY,** and **BRISCOE**, Circuit Judges.

    Defendant Paul Aldana pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and was sentenced to fifty-one months' imprisonment. After Aldana filed a notice of appeal challenging his

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence, the government filed a Fed. R. Crim. P. 35(b) motion asking the district court to reduce Aldana's sentence because Aldana had assisted the government in a related case after his sentencing. Notwithstanding the pendency of this appeal, the court purported to grant the government's motion and to resentence Aldana to twenty-four months' imprisonment.

Once a notice of appeal has been filed in a criminal case, the district court lacks jurisdiction to rule on a Rule 35(b) motion to reduce sentence. United States v. Bingham, 10 F.3d 404, 405 (7th Cir. 1993); United States v. Sanzo, 831 F.2d 671, 672 (6th Cir. 1987); Fed. R. App. P. 4(b). The "question thus arises as to the proper procedure to follow when a Rule 35(b) motion is made during the pendency of an appeal." Bingham, 10 F.3d at 405. The preferred procedure is outlined in Bingham:

> Where a party moves for sentence reduction under Rule 35(b) during the pendency of an appeal, it must request that the district court certify its inclination to grant the motion. If the district court is inclined to resentence the defendant, it shall certify its intention to do so in writing. The government (or the parties jointly) may then request that we remand by way of a motion that includes a copy of the district court's certification order.

Id.

Having described the preferred procedure, we must determine the appropriate resolution of the case at hand, where there has been no certification order but we know the district court is inclined to grant the Rule 35(b) motion. We conclude the best approach is to vacate the district court's order granting the

Rule 35(b) motion since it lacked jurisdiction over the case and remand to the district court for resentencing. Once the district court resumes jurisdiction of the case, it can then properly rule on the government's Rule 35(b) motion.

The district court's order granting the government's Rule 35(b) motion is VACATED and this case is REMANDED to the district court for resentencing consistent with this opinion.

The motion to withdraw filed by defendant's counsel is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Per Curiam