

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2002

# USA v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1510

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Campbell" (2002). *2002 Decisions.* Paper 382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

NOS. 01-1510 and 01-3132

———

UNITED STATES OF AMERICA

v.

RASHAAN AHMED CAMPBELL
Appellant

———

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. Action No. 00-cr-00036)
District Judge:  Honorable William L. Standish

———

Argued May 2, 2002

BEFORE: ROTH and STAPLETON, Circuit Judges, and POLLAK,* District Judge

(Opinion Filed July 8, 2002)

———

Lisa B. Freeland (Argued)
Office of Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222
 Attorney for Appellant

———

*Honorable Louis H. Pollak, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Bonnie R. Schlueter

Constance M. Bowden (Argued)
Office of the United States Attorney
633 United States Post Office & Courthouse
Pittsburgh, PA 15219
 Attorneys for Appellee

<hr>

OPINION OF THE COURT

<hr>

STAPLETON, Circuit Judge:

Appellant Rashaan Ahmed Campbell pled guilty to a single count of bank robbery and was sentenced to 41 months of imprisonment and three years of supervised release. In the course of the sentencing proceedings, Campbell challenged the probation officer's assessment of a criminal history point based on a July 1997 juvenile adjudication with respect to which Campbell denies being represented by counsel. Based on a finding by the District Court that he had counsel, Campbell was assigned a criminal history score of two, which yielded a range of 41 to 51 months. Campbell filed a timely appeal in which he argued that his criminal history score constituted reversible error. See Criminal Appeal No. 01-1510.

While Campbell's appeal was pending, the government filed a Rule 35(b) motion in the District Court proposing a reduction in the sentence based on Campbell's cooperation. The parties secured an order from the District Court certifying its intention to grant the government's motion and then jointly applied to this Court for a remand to

2

permit resentencing. This Court responded by ordering a "summary remand" to the District Court to permit it to act upon the government's Rule 35(b) motion.

On remand, the District Court was asked to resolve three issues: (1) the extent of the requested departure for cooperation; (2) whether the Court could revisit the issue of whether Campbell was represented by counsel in the juvenile proceeding occasioning the original assessment of a history point; and (3) if so, whether the Court had erred in assessing that history point. In support of his position that he had not been represented, Campbell submitted a transcript of a hearing in the juvenile proceeding that the Court had not considered during the earlier sentencing proceedings.

The District Court ultimately concluded that it had no jurisdiction to revisit the criminal history point issue. It made clear on the record, however, that it would not have assessed the additional criminal history point if it had had the benefit of the transcript at the original sentencing. The Court then entered an order on July 25, 2001, granting the government's Rule 35(b) motion and reducing Campbell's sentence of imprisonment to time served. The sentence remained the same in all other respects.

Campbell filed a notice of appeal contending that the District Court erred in concluding that it had no jurisdiction to revisit the criminal history point issue. He asks that we remand this case to the District Court "so that it can give effect to its previously stated conclusion" that it made a mistake. Campbell stresses that while he was resentenced to time served, the Presentence Report and the record of the original sentencing proceeding contain inaccurate information and findings that may have collateral

3

consequences for him.

We agree with the District Court that it had no jurisdiction to revisit the criminal history point issue. After the filing of the original notice of appeal, this Court assumed exclusive jurisdiction over the subject matter of the appeal, Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), and the District Court lost jurisdiction to consider a Rule 35 motion. United States v. Batka, 916 F.2d 118 (3d Cir. 1990). It was for that reason that the parties followed the procedure suggested in the Batka decision and sought a summary remand to the District Court to permit disposition of the government's motion. That remand was for a specific purpose, and it did not confer jurisdiction on the District Court to take any action other than action on the Rule 35 motion based on Campbell's cooperation.

This does not end the matter, however. It seems to us that a summary remand for a specific purpose prior to a determination of the issues presented in an appeal does not deprive this Court of jurisdiction to consider, after the conclusion of the remand proceedings in the District Court, any such issues not resolved or mooted by the District Court's action on remand. While our consideration of the history point issue may come as a matter of record keeping in the context of Criminal Appeal No. 01-1510 rather than this appeal, we should not allow form to triumph over substance and will resolve the administrative issue by consolidating the two appeals.

The government's brief acknowledges that the criminal history point issue is not moot, noting that Campbell is currently serving a three year term of supervised release

4

and that his criminal history score would impact upon the sentence to be imposed upon any revocation of supervised release. Campbell points to no other issue raised in his original appeal that has not been mooted by his new sentence.

Given the District Court's express desire to correct what it currently perceives to be a mistake of fact based on additional evidence, we conclude that the appropriate course for us to take with respect to the criminal history point issue is to remand this case to it so that it may consider Campbell's application for a correction of its Guidelines calculation.

The judgment of sentence entered by the District Court on July 25, 2001, will be affirmed, the judgment entered by it on February 16, 2001, will be vacated, and this matter will be remanded for further proceedings consistent with this opinion.

TO THE CLERK:

       Please file the foregoing not precedential opinion.


                                         /s/ Walter K. Stapleton
                                             Circuit Judge