UNITED STATES of America

v.

**Bryan Scott MORTIMER**

**No. CR. 03–14.**

United States District Court, W.D. Pennsylvania.

July 28, 2004.

Paul Thompson, Assistant United States Attorney, United States Attorneys Office, Pittsburgh, PA, Christian Trabold, Assistant United States Attorney, United States Attorneys Office, Erie, PA, for Plaintiff.

Thomas W. Patton, Assistant Federal Public Defender, Office of Federal Public Defender, Erie, PA, for Defendant.

### Opinion and Order

COHILL, Senior District Judge.

Defendant Bryan Scott Mortimer has filed a post-sentence objection to his presentence report base offense calculation level in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Doc. 33) The Government has filed a response opposing the motion. Thereafter, Mr. Mortimer filed a reply brief, to which the Government filed a surreply. For the reasons that follow we will deny the motion.

### I.

Mr. Mortimer was charged in a four-count indictment with unlawfully manufacturing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(1); and possession of iodine with intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(1). A hearing on Mr. Mortimer's suppression motion was held on June 9, 2003. Following the denial of his motion to suppress, Mr. Mortimer pled guilty to Count 1 of the indictment pursuant to a conditional plea agreement. Mr. Mortimer's plea was conditional on his preserving his right to appeal the denial of his suppression motion.

The base offense level as reported in the presentence report was determined to be 28, based on the finding that Mr. Mortimer possessed a total of 66 grams of pseudoephedrine. Mr. Mortimer refused to stipulate to the quantity of pseudoephedrine he was alleged to have possessed. He received a 3–level reduction for acceptance of responsibility, making his total offense level 25. With a criminal history category of IV, Mr. Mortimer's guideline sentence range was 85–105 months. On October 14, 2003, the Court sentenced Mr. Mortimer to 96 months' imprisonment. Mr. Mortimer filed a timely notice of appeal on October 17, 2003.

### II.

On June 24, 2004, the United States Supreme Court announced its decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In *Blakely,* which addressed a sentencing guidelines system in the State of Washington, the Supreme Court held that the Sixth Amendment prohibited sentencing a defendant above the legally prescribed maximum sentence based on a fact that was neither admitted by the defendant nor found by a jury. *Id.*

Mr. Mortimer submits that he was sentenced based on a fact not admitted nor found by a jury in violation of *Blakely.* According to Mr. Mortimer, because he refused to stipulate to the amount of pseudoephedrine he possessed, the base offense level that should have been applied at sentencing was 12, the level applicable to possession of a detectible amount of pseudoephedrine. With a 2–level acceptance of responsibility reduction, Mr. Mortimer contends that his total offense level should have been 10, making the maximum sentence that the Court could have imposed solely on the basis of the facts admitted to by Mr. Mortimer as 21 months' imprisonment.

Mr. Mortimer acknowledges that since his appeal is currently pending before the

United States Court of Appeals for the Third Circuit "the appellate court obtains exclusive jurisdiction over the aspects of the case involved in the appeal." *United States v. Batka,* 916 F.2d 118, 120 (3d Cir.1990).[1] Nonetheless, he requests that this Court certify its intention to sustain Mr. Mortimer's objection to the presentence report base level and, upon a summary remand from the Third Circuit, re-sentence him using the *"Blakely"*-corrected base offense level.

The Government argues first, that this Court lacks jurisdiction to address Mr. Mortimer's sentencing challenge; and second, that the Court is not empowered to issue a certification of its intention to grant the requested relief upon a remand. (Doc. 35).

In reply, Mr. Mortimer again reiterates that he agrees that the District Court has no jurisdiction to act when an appeal is pending, however, he maintains that the Court is empowered to issue the requested certification in light of the Third Circuit's procedural rules for summary remand and pursuant to case precedent as set forth in *Batka,* 916 F.2d at 120 n. 5. (Doc. 36) The Government filed a sur-reply arguing that appellate rules and procedures do not empower the district court to do anything, and that no such approved certification procedure has been approved by the Third Circuit. (Doc. 37).

### III.

Given that both parties agree that we are without jurisdiction to act, the issue presented is whether we are empowered to issue a certification as requested by Defendant. If we were to determine that we are *empowered* to issue a certification stating that we would sustain the *Blakely* objection and re-sentence Mr. Mortimer as set forth in his brief, a more thorough briefing

on the *Blakely* issues and perhaps oral argument would be necessary before we could determine that we actually would sustain the *Blakely* objection. However, we conclude that we are not so empowered.

Mr. Mortimer notes that Third Circuit Local Appellate Rule 27.4 and Third Circuit Internal Operating Procedure 10.6 provide in part a mechanism for a party to move for summary remand if subsequent precedent warrants such action. Mr. Mortimer cites *Blakely* as the subsequent precedent warranting summary remand in this case. However, Mr. Mortimer has not filed a motion for summary remand in the Third Circuit.

By filing the instant motion in this Court, Mr. Mortimer maintains he is following the procedure outlined by the Third Circuit in *Batka* and carried out in *United States v. Campbell,* 40 Fed.Appx. 663, 2002 WL 1466244 (3d Cir.2002) (unpublished). In a footnote in *Batka,* the Third Circuit Court stated:

> Conceivably while an appeal is pending a district court could hear a motion under Rule 35(b) and, if inclined to grant it, certify its inclination or intention to the court of appeals, which could then entertain a motion to remand the case for entry of the order. *Cf. Hancock Industries v. Schaeffer,* 811 F.2d 225, 239–40 (3d Cir.1987) (suggesting this procedure for motions under Fed.R.Civ.P. 60(b)). *See also United States v. Sanzo,* 831 F.2d at 672. Indeed, it might be desirable to have such a procedure. *See* 3 Wright, Federal Practice and Procedure § 587 at 412 (1982). However, Batka does not suggest that we adopt this procedure.

---

**1.** With no disrespect intended, in the interests of brevity, the United States Court of Appeals for the Third Circuit will hereinafter be referred to as "the Third Circuit."

*Batka,* 916 F.2d at 120 n. 5. The procedure in *Campbell* was explained by the Court as follows:

> While Campbell's appeal was pending, the government filed a Rule 35(b) motion in the District Court proposing a reduction in the sentence based on Campbell's cooperation. The parties secured an order from the District Court certifying its intention to grant the government's motion and then jointly applied to this Court for a remand to permit resentencing. This Court responded by ordering a "summary remand" to the District Court to permit it to act upon the government's Rule 35(b) motion.

*Campbell,* 40 Fed.Appx. at 664.

In addition, Mr. Mortimer maintains that the Third Circuit has already approved the use of the *Batka* procedure in a similar case. A similar motion seeking a certification of intention to sustain a *Blakely* objection has been filed before this Court in *United States v. Neil,* Cr. 01–139 (Doc. 80). Like the instant case, *Neil* is currently pending appeal in the United States Court of Appeals for the Third Circuit. *United States v. Neil,* No. 04–1745. However, Mr. Neil filed a motion to stay his appellate proceedings and the briefing schedule based on *Blakely.* On June 13, 2004, the Clerk of the Third Circuit stayed the briefing schedule for thirty days in response to Neil's motion. (*See* Order, No. 04–1745, dated June 13, 2004, attached as Appendix A). Thus, Mr. Mortimer argues that the Third Circuit has approved of the *Batka* procedure in addressing *Blakely* issues.

However, the Third Circuit issued a subsequent Order superseding the July 13, 2004 Order, thereby removing the stay. (*See* Order, No. 04–1745, dated June 20, 2004, attached as Appendix B). Mr. Neil's motion to stay the appellate proceedings in the Third Circuit has been forwarded to a motions panel for disposition. *Id.* (The July 13, 2004 Order staying the proceedings was apparently issued by the Clerk and was not at that time referred to a motions panel). Thus, the Third Circuit has not stayed the *Neil* case based upon *Blakely,* although it presently has a motion before it requesting such action.

We agree with the Government that no such certification procedure is applicable in the instant case. This is not a case where the Government has filed a Rule 35(b) motion for reduction of sentence while an appeal was pending. Rule 35(b) specifically permits such a motion to be filed in the district court. As the Third Circuit has recognized, a valid Rule 35(b) motion might be filed in the district court while an appeal is pending. This results in apparent overlapping jurisdiction as both the appeal and the Rule35(b) motion are proper. However, the overlap is only apparent on the surface as the Third Circuit has made it clear that once the appeal is filed, it is the Third Circuit that has jurisdiction. In such unique circumstances the Third Circuit has advised the use of the certification mechanism, followed by a motion seeking summary remand.

Similarly Federal Rule of Criminal Procedure 33(b)(1) permits a defendant to file a motion for a new trial based upon newly discovered evidence within three years after a verdict or guilty plea. However this rule also explicitly states that "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Like Rule 35(b), a valid motion for new trial may be filed in the district court while an appeal is pending. In such cases the use of the certification mechanism followed by a motion seeking summary remand may be proper. *See United States v. Fuentes–Lozano,* 580

F.2d 724 (5th Cir.1978); *United States v. Phillips,* 558 F.2d 363 (6th Cir.1977).

There is no comparable Rule or other authority that permits a defendant to file a motion in the district court after his sentence and while his appeal is pending objecting to the presentence report. In other words, there is no jurisdiction in the district court, overlapping or apparent.

We therefore conclude that we lack jurisdiction to act upon Mr. Mortimer's motion. Mr. Mortimer states that *"Batka* merely recognizes that the district court may provide some guidance to an appellate court as to whether the summary remand would be worthwhile." (Reply Brief, at ¶ 4). However, it is not clear to us how the Third Circuit would view such a certification under the present circumstances, but it seems likely that its first instinct would be to question our jurisdiction.

If, as Mr. Mortimer argues, the subsequent precedent of *Blakely* is sufficient cause for summary remand, then such a motion should be filed in the Third Circuit, and that Court could then return jurisdiction to us, if it were so inclined. The Third Circuit motions panel may also grant a stay of the appellate proceedings based on *Blakely,* and specifically permit the parties to seek a ruling in the district court. Until that time, we are without jurisdiction to consider Defendant's *Blakely* objection to his presentence report.

AND NOW, to-wit, this 28th day of July, 2004, for the foregoing reasons the "Defendant's Objection to Presentence Report Base Offense Level Calculation in *Light of Blakely v. Washington* and Request for Order from District Court Certifying it's Intention to Sustain Objection and Resentence Defendant Using a Base Offense Level Based Solely on the Facts Admitted at the Change of Plea" (Doc. 35) be and hereby is DENIED.

APPENDIX A

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

*No. 04-1745*

USA v. Neil

To:  Clerk

10  Motion by Appellant to Stay Proceedings and Briefing Schedule Based on Decision in *Blakely v. Washington*

The foregoing Motion is considered. The briefing schedule shall be stayed for a period of 30 days from the date of this Order. Prior to the expiration of the 30 day period, Appellant shall either file a motion requesting a further stay which advises the Court of the status of the district court proceedings as it pertains to certifying its intention to sustain his objection to his sentence and resentence him upon remand or file the brief and appendix.

For the Court,

/s/ Marcia M. Waldron

Clerk

Dated: July 13, 2004

CLW/cc: Karen S. Gerlach, Esq.

Linda E.J. Cohn, Esq.

Bonnie R. Schlueter, Esq.

APPENDIX B

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

*No. 04-1745*

USA v. Neil

To:  Clerk

1) Response by Appellee in Opposition to Motion by Appellant to Stay Proceedings and Briefing Schedule Based on Decision in *Blakely v. Washington*

2) Motion by Appellee for Expedited Reconsideration by the Court, under L.A.R. 27.6, of Clerk's Order dated July 13, 2004

The forgoing Response and Motion are considered. The Motion for reconsideration will be forwarded to the next available motions panel for consideration. Appellant's Motion to stay proceedings and Appellee's Response thereto will also be forwarded to the motions panel for its information. Appellant's response shall be filed within 3 days of the date of this Order.

For the Court,

/s/ Marcia M. Waldron

Clerk

Dated: July 20, 2004

CLW/cc: Karen S. Gerlach, Esq.

Linda E.J. Cohn, Esq.

Bonnie R. Schlueter, Esq.