UNITED STATES of America,
Plaintiff–Appellant,

v.

Joseph P. IENCO, Defendant–Appellee.

No. 97–2965.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 11, 1997.

Decided Oct. 6, 1997.

Colleen D. Coughlin (submitted), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellant.

Jeffrey Cole, Andrew T. Staes, Cole & Staes, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

The defendant has moved to dismiss the government's appeal from the partial grant of a motion to suppress certain evidence. Section 3731 of the Criminal Code authorizes the government to appeal (with some qualifications unnecessary to discuss) certain nonfinal decisions and orders of the district court, including orders suppressing evidence, provided the appeal is taken within thirty days of the order. The defendant's motion raises two novel issues: whether such an appeal is premature if the district judge has not yet disposed of the entire motion, and, if not, whether the appeal divests the judge of jurisdiction over the remainder of the motion. We cannot find any case that addresses either question.

The criminal case is before the district court on remand from this court, which in *United States v. Ienco*, 92 F.3d 564 (7th Cir.1996), remanded for a determination of whether the defendant's motion to suppress certain evidence later presented at his trial should have been granted on the ground that the evidence had been obtained illegally. On remand, the district court granted the motion to suppress the evidence that the police had obtained in a search of the van that the defendant had rented, but did not rule on the suppression of testimony obtained as a result of that search and of evidence obtained from the search of a safe in the defendant's hotel room. The government contended that the suppression of these two classes of evidence would go beyond the scope of the defendant's motion. The defendant disagreed. Without waiting for the judge to rule, the government filed a notice of appeal from the ruling suppressing the evidence seized from the van. That was on July 30. On August 1 the judge ruled that the motion embraced the additional evidence as well, and he said that he would suppress that too, although he did not enter an order to this effect.

Although the defendant darkly hints that the government's action in appealing the judge's first ruling on July 30 was intended to prevent the judge from ruling against the government a second time by wresting jurisdiction away from him, the government really had no choice; the thirty days that it had to appeal the first ruling—assuming it was an appealable order—was about to run out. The government has suggested, moreover, that we accept jurisdiction of its appeal but invite the district judge to certify his intention of entering a further order suppressing the rest of the evidence, and, if he does so, that we then remand the case for the entry of a new order suppressing all the evidence, followed by a new appeal. This is a common procedure in cases, including criminal cases, of divided jurisdiction. E.g., *United States v. Bingham*, 10 F.3d 404 (7th Cir.1993) (per curiam); *United States v. Blankenship*, 970 F.2d 283, 285 (7th Cir.1992).

Section 3731 is straightforward: the government may appeal an order suppressing evidence in a criminal case. The district judge's first ruling was such an order. The fact that it did not dispose of the defendant's entire motion, with the result that closely related issues remained to be decided in the district court, does not contradict the fact that the ruling suppressed a body of evidence. Unlike Fed.R.Civ.P. 54(b), there is nothing in section 3731 to suggest that the judge's order, to be appealable, must dispose of a claim that is separate from the claims remaining before the judge, and we cannot think of any compelling reason to interpolate such a limitation into the statute.

Also unlike the situation in civil cases, the government does not have the option of accumulating all its challenges to the judge's suppression rulings for appeal at the end of the case, since section 3731 bars the government from appealing after jeopardy attaches, which is to say (in the usual case) after the trial begins. See, e.g., *United States v. Mavrokordatos*, 933 F.2d 843, 846 (10th Cir.1991). And the procedure suggested by the government spares us from having actually to consider separately separate appeals from closely related rulings.

The next question is whether the government's appeal divested the district judge of jurisdiction to rule on the rest of the motion to suppress. The general rule, and it is applicable to appeals under section 3731, is that an appeal transfers jurisdiction from the district court to the court of appeals, so that the two courts will not be stepping on each other's toes. (For the general rule, see *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 401–02, 74 L.Ed.2d 225 (1982) (per curiam), and for its application to appeals under section 3731 see *United States v. Tovar–Rico*, 61 F.3d 1529, 1532 (11th Cir.1995).) There are exceptions, however, for situations in which the danger of such a collision is remote, as when the only issue for decision in the trial court is a motion for attorneys' fees. For a list of examples see *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir.1995). Since the right to appeal conferred by section 3731 is pinpointed on particular evidentiary rulings, there will be many cases in which the taking of the appeal will not require the district court to relinquish jurisdiction; that court will be able to continue getting the case ready for trial. This case, however, involves an almost complete overlap between the appealed and the retained issues, *Ced's Inc. v. U.S. E.P.A.*, 745 F.2d 1092, 1095 (7th Cir. 1984)—indeed, the district judge thought that his ruling on the evidence in the van had predetermined his ruling on the other classes of evidence sought to be suppressed.

The motion to dismiss the appeal for lack of jurisdiction is denied. But since the district judge has already ruled, albeit in excess of his jurisdiction, on the retained issues, no purpose would be served by requiring him to certify his intention to so rule.

We therefore remand the case with instructions that the district court enter an order granting the motion to suppress in its entirety. The appeal from that order will bring up to us all the issues the government wants to appeal.

So ORDERED.