KENNARD, J., Concurring.
I agree with the majority that the arbitrator’s decision in this case to deny attorney fees to defendants should be upheld. *780 But I reach that conclusion by applying the test for reviewing arbitration decisions set forth in my dissent in Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 40 [10 Cal.Rptr.2d 183, 832 P.2d 899]. The majority, by contrast, rejects any judicial review whatsoever of the arbitrator’s decision.
When an arbitrator decides a dispute, the arbitrator’s decision is not just a private suggestion that the parties to the dispute can choose to obey or ignore. Rather, it becomes a judicially enforceable command in which all the awesome power of the state compels one party to turn over money or property to the other, or to behave in conformity with the arbitrator’s injunction. In Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, this court held that a court may not review the decision of an arbitrator, even when the decision is erroneous on its face and causes substantial injustice. Joined by Justice Mosk, I dissented, explaining that California law had always recognized a limited power of judicial review of an arbitrator’s decision, and that judicial review is necessary to ensure that a derelict arbitrator does not turn our courts into active agents of injustice. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at pp. 33-40 (conc. & dis. opn. of Kennard, J.).)
Here, applying the Moncharsh rule, the majority holds that the arbitrator’s decision in this case is unreviewable. I disagree, and would instead review the arbitrator’s decision under the traditional standard of arbitral review set forth in my dissent in Moncharsh: Is the arbitrator’s decision erroneous on its face and does it cause substantial injustice? (Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 40.)
The arbitrator decided this tort action in favor of defendants. A contract between plaintiff and defendants provided that, if litigation occurred between them, any prevailing party would be compensated for its attorney fees by the opposing party. Some defendants sought their attorney fees from plaintiff; the arbitrator denied their request, ruling that the fee provision was limited to contract actions, which this tort action was not.[1] Those defendants then made a motion in the trial court to correct the arbitrator’s decision and *781 to award them attorney fees; the trial court denied the motion and the Court of Appeal affirmed.
Reviewing the arbitrator’s decision on attorney fees under the standard articulated in my dissent in Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 40,1 would uphold the decision. The fee provision states that the prevailing party “shall” be entitled to attorney fees in any “arbitration or suit . . . brought to enforce the terms of this contract or any obligation herein.” It is a reasonable interpretation of the contract to determine, as the arbitrator did, that the attorney fee provision was intended to apply only to contract claims and not to noncontract claims. Thus, the arbitrator’s decision to deny attorney fees to defendants is not erroneous on its face and therefore should not be corrected or vacated. On that basis, I would affirm the judgment of the Court of Appeal.
Mosk, J., concurred.

The course of proceedings was actually somewhat more complicated. Initially, the arbitrator issued an order that decided the merits of the litigation and awarded costs to defendants but was silent as to attorney fees. Some of the defendants made a motion in the trial court to confirm the award and for an order awarding them attorney fees as the prevailing party. The trial court “remanded” the case to the arbitrator “to determine whether the attorney fees are to be awarded."
The validity of the trial court’s “remand” procedure is somewhat uncertain. Historically, an arbitrator’s act of making an award terminated the arbitrator’s power; it was considered functus officio, an act whose performance terminates the legal authority of the actor. (1 Domke, Commercial Arbitration (rev. ed. 1999) § 22.01, p. 337; Hyle v. Doctor's Associates, Inc. (2d Cir. 1999) 198 F.3d 368, 370.) California's arbitration statute (Code Civ. Proc., § 1280 et seq.) does not expressly authorize a court to remand an arbitration award for the *781 purpose of having the arbitrator supplement the award by deciding an additional issue within the scope of the original arbitration submission but riot decided by the arbitrator. (Section 1287 of the Code of Civil Procedure does permit rehearing by the original arbitrator when a court has vacated an award entirely if it has done so on the ground that the arbitrator exceeded his or her powers or on the ground that the arbitrator erroneously and prejudicially excluded evidence or refused a postponement.) Some courts'have permitted remands for the limited purpose of clarifying an ambiguous award (see, e.g., Hyle v. Doctor's Associates, Inc., supra, 198 F.3d at p. 370), but here the trial court did more than that. It did not ask the arbitrator what she had decided on the question of attorney fees, but it asked her to decide whether defendants should receive fees. Because neither the parties nor the majority raise the issue, I express no views on the propriety of this procedure.