John B. FELDER, Plaintiff–Appellant,

v.

Al C. PARKE, et al., Defendants–Appellees.

No. 00–2601.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2001 *.

Decided Aug. 7, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FLAUM, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.

ORDER

John Felder, an inmate of the Indiana Department of Corrections ("DOC"), filed this § 1983 suit against numerous DOC officials alleging that his Eighth and Fourteenth Amendment rights were violated when he was attacked by two other inmates in the shower. The district judge dismissed several of the claims and several of the defendants after screening Felder's complaint pursuant to 28 U.S.C. § 1915A, and granted judgment in favor of the remaining defendants after a bench trial before a magistrate judge. Felder appeals and we affirm.

Felder was incarcerated at all times relevant to this suit in the I Cell House Detention Unit ("IDU") of the Indiana State Prison in Michigan City, Indiana. On October 18, 1996, Felder, who is Afri-

can American, was attacked while showering by two white inmates, Larry Newton and Edward Niksich. Felder was stabbed numerous times before the fight was broken up by prison staff. Felder brought suit pursuant to 42 U.S.C. § 1983 against various prison employees (Al Parke, John Sharp, Howard Morton, and Troy Cambe), the commissioner of DOC (Edward Cohn), and the Governor of Indiana (Frank O'Bannon), alleging that they violated his Eighth Amendment rights by failing to adequately protect him from being attacked. Felder also alleged that the defendants violated his Fourteenth Amendment rights because he was not "equally protected", and sought injunctive relief, indicating that he wanted "hate crime charges brought against all individual [sic] involved" and "Cpt. Morton and Lt. Sharp discharged from employment."

The trial court dismissed O'Bannon, Cohn, and Felder's Fourteenth Amendment and injunctive relief claims pursuant to 28 U.S.C. § 1915A. The district court found that the complaint failed to allege that O'Bannon or Cohn had any personal involvement in denying Felder his constitutional rights, failed to state a cognizable Fourteenth Amendment claim, and sought injunctive relief beyond that which the district court could authorize. Felder's remaining Eighth Amendment claims against Parke, Sharp, Morton, and Cambe were referred to a magistrate judge. A bench trial on Felder's Eighth Amendment claim was set for January 19, 2000. On the day of trial, Felder filed a motion for sanctions against the defendants for failing to file a pretrial order according to the court's scheduling order. The district judge denied the motion. The trial proceeded as scheduled, and on March 31, 2000, the magistrate judge recommended that judgment be entered in favor of the defendants. The magistrate judge found that Felder had failed to prove that Parke, Sharp, or Morton had personal involve-

ment in the alleged deprivation of his rights, or that Cambe had subjected him to dangers which exposed him to a substantial risk of harm or had acted with deliberate indifference to his safety.

After Felder failed to file timely objections, the district judge adopted the magistrate judge's Report and Recommendation and entered judgment for the defendants on May 1. On May 10, Felder filed a motion to extend the time to file objections to the Report and Recommendation, and he explained that he was unable to make a timely filing because he was absent from the Wabash Valley Correctional Facility (where he was then being housed) for a hearing on another legal matter and did not receive the Report and Recommendation until his return on April 24. Felder attached to his motion a copy of his objections. The district judge granted the motion, allowed the objections to be filed instanter, and rejected them on June 1. Felder appeals.

I. *Summary Dismissal Of Certain Claims Pursuant To 28 U.S.C. § 1915A*

 Felder first argues that the district court's summary dismissal of several claims and several defendants pursuant to the screening mechanism of 28 U.S.C. § 1915A was erroneous. First, he argues that the complaint adequately alleged that O'Bannon and Cohn were personally involved in the deprivation of his Eighth and Fourteenth Amendment rights. We review the district court's dismissal *de novo*. *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999). The court's dismissal of O'Bannon and Cohn from this action was proper because Felder did not allege that either defendant knew about, or personally participated in, the alleged deprivation of his constitutional rights. Felder alleged only that the two men violated his rights by

"not enforce [sic] laws, guideline [sic] and hiring policies," thus allowing him to be attacked. Since Felder did not allege that either O'Bannon or Cohn participated in violating his constitutional rights, the district judge correctly dismissed them from this action. *See Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir.2000).

■ Felder next argues that the district court erroneously dismissed his Equal Protection claim against the remaining defendants because his complaint adequately alleged that he was treated differently than other inmates. He does not elaborate on the basis for his claim except to say that he was "treated differently because of the shortage of personal [sic] on the unit that day." To state a Fourteenth Amendment claim, however, a plaintiff must show that the defendants purposefully discriminated against him because of his identification with a particular group. *De-Walt v. Carter,* 224 F.3d 607, 620 n. 7 (7th Cir.2000). Felder alleged that the defendants allowed him to be attacked not because of his race but because they failed to properly supervise the prison. This alleged conduct does not state a Fourteenth Amendment violation—at most it amounts to nothing more than negligence, which is insufficient to support a Fourteenth Amendment claim. *Id.* at 620; *Crawford v. Edmonson,* 764 F.2d 479, 487 (7th Cir. 1985).

■ Felder also argues that the district court erred in dismissing his claims for injunctive relief because his allegations met the standard for the issuance of an injunction. As the district court properly found, however, the relief he sought—the filing of hate crime charges and the firing of several of the defendants—is beyond that which can be granted by the federal courts. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another); *Leeke v. Timmerman,* 454 U.S. 83, 86–87, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981). The district court's dismissal of Felder's claim for injunctive relief was not erroneous.

II. *Other Rulings*

■ Felder challenges a number of the magistrate judge's pretrial rulings, including the denial of his motion for sanctions, the exclusion of a September 1996 conduct report regarding a fight between Felder and another inmate, and the denial of his request to secure the presence of several inmate witnesses at trial. Felder never objected to these rulings before the district judge, however, and has thus waived any objections on appeal. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986).

■ Felder also appears to argue that the evidence adduced at trial did not support the magistrate judge's factual findings and legal conclusions with respect to Parke, Cambe, Morton, and Sharp. While he does not elaborate, Felder states that "his burden of proof was filled in this case, and the court denied the plaintiff's relief in which he is entitled as a matter of law." Felder fails to show that the magistrate judge's findings and conclusions were clearly erroneous, *see* Fed.R.Civ.P. 52(a), and his argument fails.

■ Finally, Felder contends that the district court abused its discretion by striking a motion to amend his complaint made after a notice of appeal had been filed. The district court lacked jurisdiction to consider this motion. Felder did not file his motion to amend until September 8, 2000, nearly three months after he filed his notice of appeal. Because the filing of a notice of appeal deprives the district court of jurisdiction over the case, the district

court lacked jurisdiction to consider Felder's motion. *Boyko v. Anderson,* 185 F.3d 672, 674 (7th Cir.1999).

For the foregoing reasons, we AFFIRM the judgment of the district court.