In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1389

IN RE: CENTRAL ILLINOIS ENERGY COOPERATIVE,

*Debtor*,

A. CLAY COX,

*Trustee-Appellant*,

*v.*

NOSTAW, INC.,

*Appellee*.

Appeal from the United States District Court for the
Central District of Illinois, Peoria Division.
No. 15-1118 — **James E. Shadid**, *Chief Judge*.

ON MOTION TO DISMISS AND REMAND

DECIDED FEBRUARY 8, 2017

RIPPLE, *Circuit Judge* (in chambers). Appellant A. Clay Cox, the bankruptcy trustee for Central Illinois Energy Cooperative, asks this court to dismiss his appeal and remand in light

of the bankruptcy court's statement that it would approve a settlement between the parties.

After mediation the parties agreed to settle this case, but the settlement is contingent on approval by the bankruptcy court. The parties filed a joint motion in the bankruptcy court asking for an indicative ruling whether it would approve their proposed settlement. On November 7, 2016, the bankruptcy court issued an order saying that it would approve the settlement agreement, subject to the disposition of any objection filed by a creditor or the trustee, if the case was remanded for that purpose. In light of this order, Mr. Cox moves this court pursuant to Federal Rule of Appellate Procedure 12.1 to dismiss his appeal and remand to the district court with instructions to remand to the bankruptcy court for proceedings consistent with its indicative ruling.

Rule 12.1 provides that if a district court says it would grant a motion that is barred by a pending appeal, "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." This court's Circuit Rule 57 provides similar relief, but says that this court "will remand" if the district court is inclined to modify its judgment. *See Boyko v. Anderson*, 185 F.3d 672 (7th Cir. 1999). These rules allow for coordination of proceedings between a district court and a court of appeals. *See* FED. R. APP. P. 12.1 advisory committee's note (2009).

When, as in this case, an appeal is from the district court's affirmance of a bankruptcy court order, a remand to the bankruptcy court for approval of settlement requires coordination between three courts. Further, Rule 12.1 and Rule 57 both authorize relief only after the *district court* has said that it is in-

clined to grant a motion barred by the pending appeal. Although the parties obtained an indicative ruling from the bankruptcy court, there is no record that they sought or obtained an indicative ruling from the district court.

To ensure that each of the coordinating courts agree, the proper procedure when asking this court to remand to the district court and then to the bankruptcy court is to obtain an indicative ruling from both courts that will need to act. Because Mr. Cox has not done this, his motion is DENIED without prejudice to renewal after obtaining an indicative ruling from the district court.