In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-4193

JOSEPH P. IENCO,

*Plaintiff-Appellant,*

*v.*

KENNETH ANGARONE, individually
and in his capacity as a member of the
Chicago Police Department, AND
THOMAS MCGANN, individually and
in his capacity as a member of the
Chicago Police Department,

*Defendants-Appellee*s.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 3831—**Ruben Castillo**, *Judge.*

ARGUED MAY 11, 2005—DECIDED NOVEMBER 14, 2005

Before COFFEY, MANION, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Joseph P. Ienco is no stranger to this court. This appeal is our fifth opportunity to review the facts underlying this case, which began as a criminal proceeding but has now spawned much civil litigation. In granting defendants' motion for summary judgment, the district court held that Ienco failed to present sufficient evidence to create a genuine issue of fact that the defendants violated his due process rights. In addition, the

district court concluded that Ienco abandoned any Fourth Amendment claim he may have had stemming from his illegal arrest. Finally, the court sanctioned Ienco for failing to make himself available for deposition. We agree with the district court's rulings and, therefore, affirm.

## I. BACKGROUND

Joseph Ienco operated as a real estate broker and rent collector, along with his associate Gregory Iovine. On the side, Ienco doubled as a debt-collection enforcer. In August 1994, Ienco and Iovine were sent to collect payment from a Chicago businessman, Jerome Greenberg, who apparently owed a debt to Ienco's employer, a clothing importer. While in Chicago to collect on the debt, Ienco and Iovine were arrested. Ienco was charged with various federal crimes stemming from the stash of illegal weapons and explosives he carried with him to Chicago and his attempt at extortion. At trial, Iovine pled guilty and testified against Ienco, who was promptly convicted of conspiracy to commit extortion, 18 U.S.C. § 1951, interstate travel in aid of racketeering, 18 U.S.C. § 1952, and using or carrying firearms during and in relation to a crime of violence, 18 U.S.C. § 924(c).

Ienco appealed his conviction as well as the district court's ruling on his motion to suppress evidence that Ienco claimed was gathered as a result of an illegal arrest. In *United States v. Ienco*, 92 F.3d 564 (7th Cir. 1996) ("*Ienco I*"), we reversed Ienco's conviction and remanded for a new suppression hearing, finding that the district court committed several prejudicial errors that required a new suppression hearing and trial. On remand, the district court found several inconsistencies between the officers' stories surrounding Ienco's and Iovine's arrest and partially granted Ienco's motion to suppress. The government appealed, and the defendant moved to dismiss the government's appeal for

lack of jurisdiction because the district court had not entirely resolved the motion to suppress. In *United States v. Ienco*, 126 F.3d 1016 (7th Cir. 1997) ("*Ienco II*"), without reaching the merits of the appeal, we denied the motion to dismiss, but remanded the case with instructions that the district court enter an order ruling on the motion to suppress in its entirety. The district court granted the motion to suppress and we affirmed in *United States v. Ienco*, 182 F.3d 517 (7th Cir. 1999) ("*Ienco III*").

After our decision in *Ienco III*, the government dismissed the indictment, and Ienco brought this civil action. Initially, Ienco alleged a host of constitutional violations, but eventually focused on a single issue: whether the defendants were liable for malicious prosecution under both Illinois and federal law. The district court concluded, in ruling on defendants' motion for summary judgment, that the undisputed material facts did not permit Ienco to pursue malicious prosecution claims against either the officers or the City. *Ienco v. City of Chicago, et. al.*, 148 F. Supp. 2d 938 (N.D. Ill. 2001). Ienco appealed. We reversed the grant of summary judgment and, consistent with our decision in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), remanded to allow Ienco to amend his complaint to allege that the two Chicago police officers Kenneth Angarone and Thomas McGann, who originally stopped and arrested Ienco, violated his due process rights. *Ienco v. City of Chicago, et al.*, 286 F.3d 994 (7th Cir. 2002) ("*Ienco IV*"). On remand, the district court granted summary judgment in favor of the two officers on Ienco's amended complaint. This appeal followed.

## II. ANALYSIS

A.  The District Court Properly Granted Summary Judgment in Favor of the Defendants on Ienco's Due Process Claim.

In *Ienco IV*, we found that Ienco's claim of malicious prosecution failed as a matter of law, but remanded the case to allow Ienco the opportunity to allege that the officers violated his right to due process by withholding information or evidence necessary for him to receive a fair and impartial trial as guaranteed by the Constitution. We held in *Newsome* that due process claims against the police alleging the withholding of evidence should be analyzed under the framework set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). 256 F.3d at 752. Under *Brady*, the government must disclose favorable evidence that is material to either the defendant's guilt or possible sentence. 373 U.S. at 87. In order to prevail under *Brady*, Ienco must show that: (1) the government suppressed evidence; (2) the evidence was favorable to the defense, either because it was exculpatory or had impeachment value; and (3) the evidence was material to an issue at trial. *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001). Evidence is suppressed for *Brady* purposes when (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (citing *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001)).

On appeal, Ienco argues that there is sufficient evidence in the record to create a genuine issue of fact concerning whether the police suppressed a printout from the National Crime Information Center ("NCIC") and the Law Enforcement Automated Data System ("LEAD") and concealed false information within a police report created by the officers. We find that the district court properly granted

summary judgment in favor of the police officers because the evidence Ienco argues was suppressed is immaterial to the criminal charges—conspiracy to commit extortion, interstate travel in aid of racketeering, and using or carrying firearms during and in relation to a crime of violence—that Ienco faced. Furthermore, the suppressed evidence was either readily available to him before his criminal trial or evidence that he could have testified to at trial. In particular, we find that the district court properly found that the NCIC/LEAD report, which detailed when the police actually ran Ienco's driver's license into the system during his initial stop by police, was information readily available to Ienco's counsel via subpoena and also the type of evidence that Ienco could have testified to at trial. We cannot find any evidence on appeal that was both material to Ienco's defense at trial and suppressed by the police. As such, we find that the district court properly granted summary judgment in favor of the police on Ienco's due process claim.

## B. Ienco Abandoned His Fourth Amendment Claims

In *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003), we recognized that a false arrest is an unreasonable seizure prohibited by the Fourth Amendment, 349 F.3d at 360, and restated the general rule that the statute of limitations in false arrest cases begins to run when the arrest is made because such claims typically do not undermine a conviction. 349 F.3d at 361. We rejected a broad exception that a false arrest or other Fourth Amendment claims are *always* premature while the plaintiff still faces criminal punishment, and instead recognized that there are times when a successful challenge to a false arrest can indeed impinge upon the validity of an underlying conviction. *Id.* As a result, we held that where a false arrest claim undermines the validity of a criminal conviction, it does not

accrue until the criminal conviction is reversed. *Id.* at 362. On appeal, Ienco argues that we should allow him to amend his complaint for a second time to state a claim for false arrest. We disagree.

In granting summary judgment in favor of the police officers, the district court gave three reasons why Ienco should not be allowed to avail himself of the exception announced in *Gauger*: (1) Ienco's false arrest did not call into question his criminal convictions; (2) the law of the case doctrine applied; and (3) Ienco abandoned his false arrest claims. We find that the first two rationales are incorrect, but the third rationale is consistent with the procedural history of this case and sufficient to affirm the district court's grant of summary judgment on this issue.

The district court explained that Ienco's illegal arrest was not related to his criminal convictions because, with the exception of the firearms charge, none of the evidence stemming from Ienco's illegal arrest established any of the elements of the extortion or racketeering charges. In *Ienco III*, however, this court discussed the extent and nature of the government's case against Ienco and concluded that every piece of evidence the government used to convict Ienco stemmed from his illegal arrest. Based on the underlying allegations supporting the extortion, racketeering and gun charges, we again find that the government could have neither charged nor convicted Ienco of any of those crimes without the illegal arrest. As a result, Ienco's potential false arrest claim would have directly called into question the propriety of his conviction and, therefore, under *Gauger,* was not ripe until the underlying conviction was overturned.

The district court incorrectly found that the law of the case doctrine prevented Ienco from availing himself of *Gauger*. The law of the case doctrine is a rule of practice:

once an issue is litigated and decided that should be the end of the matter. *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998). In *Ienco IV,* we stated in dicta that Ienco's false arrest claim was time-barred by two years. 286 F.3d at 1000-01. The issue of whether Ienco's false arrest was time-barred was never litigated before the district court or this court. As a result, this is a situation where the law of the case doctrine does not apply.

Despite *Gauger*'s applicability to this case, we find that Ienco abandoned and, therefore, waived any false arrest claim that he may have once had. In his initial civil suit, Ienco sued pursuant to 42 U.S.C. § 1983 claiming that the City of Chicago and police officers Angarone and McGann violated his civil rights by subjecting him to malicious prosecution. Ienco also asserted unspecified violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments as well as a pendent state law claim of malicious prosecution. During adjudication of the defendants' first motion for summary judgment, the district court found that Ienco had failed to develop any of his claims under the First, Fourth, Fifth, or Eighth Amendments in his responsive pleadings, and noted in its decision that Ienco had withdrawn "such claims [under the First, Fourth, Fifth, and Eighth Amendments] as being outside the scope of a malicious prosecution claim." *Ienco v. City of Chicago*, 148 F. Supp. 2d 938, 940 n. 1 (N.D. Ill. 2001). On appeal, in *Ienco IV*, Ienco did not challenge the district court's finding of withdrawal and did not develop for our review any new theory of relief under the Fourth Amendment. Instead, Ienco only argued that the district court erred in granting summary judgment on his malicious prosecution claim. As a result, Ienco has abandoned his claims under the Fourth Amendment and cannot revive them now. *Duncan v. Wis. Dep't of Health and Family Servs.*, 166 F.3d 930, 934 (7th Cir. 1999) (noting that a party must develop any arguments it wishes the court to

consider or they will be deemed abandoned).

Ienco argues that he did not voluntarily relinquish his known Fourth Amendment rights, but instead felt compelled to withdraw his claims based on Seventh Circuit precedent that he alleges dictated that his false arrest claim was time barred. This argument has no merit. When Ienco filed his civil complaint, he needed to look no further than the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Court held that a constitutional claim cannot be filed until an underlying criminal conviction is nullified where the constitutional claim, if vindicated, would undermine the conviction. So, there was already precedent within federal law for the exception to the general accrual rule long before *Gauger* specifically spelled it out. Ienco should have appealed the dismissal of his Fourth Amendment claim in *Ienco IV*, if he believed his claim was viable under the facts of this case. We cannot remedy his lack of appeal in *Ienco IV* with an opportunity to amend in *Ienco V*.

As a final matter, Ienco also challenges the district court's imposition of monetary sanctions, totaling $4075, for asserting his Fifth Amendment privilege in response to deposition questioning. The court concluded that Ienco's assertion of privilege lacked merit and was an obstructionist tactic. Reviewing an order of sanctions for abuse of discretion, *Johnson v. Waddell & Reed Inc.*, 74 F.3d 147, 151 (7th Cir. 1996), we conclude that the district court did not err when it sanctioned Ienco. We also find that $4075 is a reasonable and appropriate award for attorneys' fees and costs related to Ienco's conduct. *See Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 837 (7th Cir. 2005).

### III.  CONCLUSION

For all the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*