NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 6, 2009[*]
Decided May 6, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3998

| | |
|---|---|
| WAYNE A. ADAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 05859 |
| JEFFREY ROTKVICH, | |
| *Defendant-Appellee*. | Milton I. Shadur, *Judge*. |

**O R D E R**

On October 14, 2008, Wayne Adams sued Detective Jeffrey Rotkvich of the Des Plaines, Illinois Police Department under § 1983 for violating his constitutional rights in connection with his arrest and subsequent prosecution. The district court dismissed

---

[*] This successive appeal has been submitted to the original panel pursuant to Operating Procedure 6(b). After reviewing the briefs and the record, the panel is unanimously of the view that oral argument is unnecessary. Accordingly, the appeal has been submitted on the briefs and record alone. *See* Fed. R. App. P. 34(a).

Adams's complaint for lack of subject matter jurisdiction.  Adams appeals.  We affirm, although on different grounds.

After stopping and arresting Adams for a traffic violation on the night of May 19, 2005, the arresting officers transported him to the police station in Des Plaines, Illinois.  In his complaint, Adams alleged that early in the morning of May 20 at the police station, Detective Rotkvich improperly arrested him for battery after he threw a toothpick at Rotkvich.  He also claimed that Rotkvich used legal process against him "to accomplish a purpose for which the process was not designed," namely "to punish [Adams] and to show him that '[Rotkvich] was the Boss.'"  Adams listed these allegations under two §1983 counts: malicious prosecution and abuse of process.  Before Rotkvich was served with process, the district court dismissed the case for want of subject matter jurisdiction.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008).  The Supreme Court has held that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous."  *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *accord Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069 (7th Cir. 2005); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989).  Although similar to the standard for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the standard for dismissing a complaint for insubstantiality is "considerably more rigorous."  *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994).  Indeed, we have observed the Supreme Court's use of exacting adjectives to describe the level of insubstantiality required for a case to be dismissed on this ground:  "'wholly,' 'obviously,' or 'plainly' insubstantial or frivolous; it must be 'absolutely devoid of merit' or 'no longer open to discussion.'"  *Ricketts*, 874 F.2d at 1182 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–39 (1974)).

Against this backdrop, we consider whether Adams's complaint was sufficient to invoke federal jurisdiction.  We turn first to the malicious prosecution claim.  In *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001), we held that, in light of the Supreme Court's "effective holding" in *Albright v. Oliver*, 510 U.S. 266 (1994), malicious prosecution is not a constitutional tort if state law provides a remedy for malicious prosecution.  *Newsome* also held that Illinois provides such a state-law remedy.  *Id.*  Therefore, Adams's malicious prosecution claim was not cognizable under § 1983 and thus was wholly insubstantial.

Similarly, and consistent with our holding from *Newsome*, we conclude that abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of

process.  Illinois provides such a remedy.  *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 372 (7th Cir. 1998) (citing *Kircher v. Greene*, 691 N.E.2d 107, 116 (Ill. App. Ct. 1998)). Accordingly, Adams's claim for abuse of process also was not cognizable under § 1983 and thus was plainly insubstantial.

However, we also recognized in *Newsome* that a plaintiff's factual averments may be actionable under § 1983 if they allege a violation of a specific constitutional provision, such as the Fourth Amendment, 256 F.3d at 750–51, even though a parallel cause of action exists under state law, *McCullah v. Gadert*, 344 F.3d 655, 659–60 (7th Cir. 2003).  Adams alleged that Rotkvich lacked a warrant and probable cause for his arrest, which essentially is a claim for false arrest under the Fourth Amendment.  *See Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005) ("[A] false arrest is an unreasonable seizure prohibited by the Fourth Amendment."); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899 n.9 (7th Cir. 2001) ("[A] claim for false arrest is a claim for the harm of being unlawfully imprisoned through some extrajudicial act that does not amount to legal process, for example, when a police officer performs a warrantless arrest without probable cause.").  Therefore, those allegations were substantial enough to invoke federal jurisdiction under a Fourth Amendment false arrest claim.

"However, we have previously held that if remanding a case dismissed for want of subject matter jurisdiction would be futile because [the] appellant has also failed to state a claim upon which relief can be granted, we will affirm the district court, even though the dismissal for lack of subject matter jurisdiction was improper."  *Gammon*, 27 F.3d at 1256.  In dismissing Adams's suit, the district court suggested that Adams's potential false arrest claim was barred by the statute of limitations.[1]  We agree.  Under Illinois law, a § 1983 false arrest claim is subject to a two-year statute of limitations.  *Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006), *aff'd sub nom. Wallace v. Kato*, 549 U.S. 384 (2007).  In *Kato*, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by

---

[1] Even though statutes of limitations are affirmative defenses ordinarily raised by defendants, a district court may, on its own motion, dismiss a suit based on an affirmative defense that is apparent and unmistakable from the face of a complaint (thus rendering the suit frivolous) before the defendant files an answer.  *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *see also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (holding that the district court could dismiss a suit as frivolous based on an applicable affirmative defense even though the defendants had not yet been served with process).

criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397. Because Adams's complaint was not filed until October 14, 2008—which is more than two years after he was subjected to legal process—the statute of limitations clearly bars his recovery on the false arrest claim.[2] Therefore, Adams has failed to state a § 1983 claim for false arrest for which relief can be granted.

Adams does not identify any other constitutional provision under which his factual allegations might plausibly state a claim for relief.[3] Accordingly, the district court's dismissal is AFFIRMED AS MODIFIED.

---

[2] Adams attempts to evade the statute of limitations bar on his false arrest claim by labeling it as one for malicious prosecution under the Fourth Amendment. However, a § 1983 plaintiff cannot avoid the statute of limitations by re-characterizing what is at bottom a false arrest claim as one for malicious prosecution. *Newsome*, 256 F.3d at 751; *Williams v. Heavener*, 217 F.3d 529, 531 (7th Cir. 2000) (collecting cases).

[3] To the extent that Adams contends he was prosecuted without probable cause, we repeatedly have rejected the idea that the Fourth Amendment protects a defendant's interest in not being prosecuted groundlessly and the related concept of a continuing seizure. *Bielanski v. County of Kane*, 550 F.3d 632, 638 (7th Cir. 2008).