NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2009[*]
Decided July 24, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 09-1040 | |
| | Appeal from the United States District |
| SANDRA SHERRILL, | Court for the Northern District of |
| *Plaintiff-Appellant,* | Illinois, Eastern Division. |
| | |
| *v.* | No. 06 C 4120 |
| | |
| JOHN E. POTTER, Postmaster General, | William J. Hibbler, |
| United States Postal Service, | *Judge.* |
| *Defendant-Appellee*. | |

**O R D E R**

The Postal Service fired Sandra Sherrill for "unacceptable conduct as evidenced by [her] threat to do harm to a co-worker." After exhausting administrative remedies, Sherrill

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

sued the Postal Service alleging sexual harassment, disability discrimination, and retaliation. The district court granted the Postal Service's motion for summary judgment, and we affirm.

Sherrill, who began working for the Postal Service in 1998 as a mail processing clerk, had several disciplinary incidents before the one that led to her termination in 2003. For instance, at the end of 1999 supervisor Michael Lee "removed" Sherrill from her job after a verbal altercation with her co-worker Cassandra Smith (three months later, however, the removal was reduced to a long-term suspension and Sherrill returned to work). In 2001 and 2003, she received seven-day suspensions for frequent absenteeism. In the fall of 2003 Sherrill had a verbal altercation with co-worker Lavonna Pumphrey. Although the incident did not result in discipline, her supervisors warned her about her behavior.

The incident that led to her termination took place in December 2003. Sherrill, while leaving her workplace, started arguing with Smith, and the arguing escalated to the point where the two women threatened to fight each other. Sherrill then tailed Smith in her car to a nearby parking lot, where the two continued to curse and threaten each other. Smith reported the incident to supervisor Charlesten Anderson, and after an investigation the Postal Service fired Sherrill.

Sherrill sued the Postal Service for wrongful termination, claiming that she was fired in retaliation for filing, in November 2003, an EEO complaint in response to her supervisors' handling of her argument with Pumphrey.[1] The judge denied Sherrill's request for appointment of counsel, and granted the Postal Service's motion for summary judgment. (Sherrill also filed her own summary judgment motion, but delayed six months in forwarding a copy of her brief to the Postal Service.) The judge found that Sherrill had not made out a *prima facie* case for retaliation under the indirect method of proof because she did not show that she was meeting the Postal Service's legitimate business expectations; the judge specifically pointed to Sherrill's extensive disciplinary record and her conflicts with Smith. The judge also concluded that, even if Sherrill could make out a *prima facie* case, Sherrill could not show that the Postal Service's stated reason for firing her—namely, her December 2003 conflict with Smith—was pretextual.

---

[1]Sherrill also claimed that Lee sexually harassed her and that Anderson discriminated against her on the basis of a disability. The district court granted summary judgment in favor of the Postal Service on these claims, and Sherrill does not develop any arguments regarding these claims on appeal; thus we will not address them. See *Ienco v. Angarone*, 429 F.3d 680, 685 (7th Cir. 2005).

Sherrill promptly moved to vacate the judgment on grounds that the district judge committed a procedural error by treating the Postal Service's summary judgment motion as the operative brief in this case. She argued that the evidence she submitted with her own summary judgment motion should have been considered as well. She also argued that summary judgment should be vacated because the district judge erred in rejecting her argument that the filing of her EEO complaint and her termination were sufficiently close in time to create a causal link. After the judge granted Sherrill's second request for appointment of counsel, Sherrill supplemented her Rule 59(e) motion by arguing that the judge should have accepted her motion for summary judgment, or at the very least admitted the evidence it included as additional facts. The judge denied Sherrill's motion to vacate, noting that even considering the evidence in her summary judgment motion, the outcome of the case would not change.

On appeal Sherrill, once again proceeding *pro se*, first argues that the district judge erred when he initially refused to appoint counsel for her. She maintains that she is ignorant of the law and court proceedings and that her case was sufficiently complex to merit appointment of counsel. We review a district court's decision not to appoint counsel to a civil plaintiff for abuse of discretion. *Jackson v. Kotter*, 541 F.3d 688, 699-700 (7th Cir. 2008); *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007). In doing so, we do not engage in an independent analysis of the plaintiff's claims and competency; rather, we determine whether the court applied the correct legal standard and whether the court reached a reasonable conclusion given the information available to it at the time. *Pruitt*, 503 F.3d at 658-59. The district court is to consider the complexity of the case and the plaintiff's competency to litigate it on her own. *Jackson*, 541 F.3d at 700.

Here, the district court's conclusion that Sherill's case "is not so complex that appointment of counsel is necessary," although cursory, was a reasonable application of the proper standard. Sherrill had proven adept at navigating the EEO complaint process, having filed five complaints with the EEOC in her six years at the Postal Service, and she had succeeded in stating a claim in her first *pro se* filing in this case. See *Jackson*, 541 F.3d 699-700. Her claims for discrimination and retaliation were no more complicated than those in a typical employment discrimination case.

Next Sherrill argues that the Postal Service was not entitled to summary judgment because, contrary to the district court's finding, she had met the Postal Service's employment expectations for purposes of establishing a *prima facie* case of retaliation. See *Simpson v. Office of Chief Judge of Circuit Court of Will County*, 559 F.3d 706, 718 (7th Cir. 2009). Sherrill appears to argue, in support of her contention that she was meeting the Postal Service's expectations, that every disciplinary action against her was the product of

unfairness or bias, and that the incidents for which she was disciplined did not occur in the manner that her supervisors and co-workers reported them. For example, Sherrill argues that she was justified in following Smith to the parking lot in 2003 because Smith hurled insults at her. The Postal Service, however, was under no obligation to consider her reasons for following Smith. Sherrill admits that she was disciplined in 1999 for fighting with Smith, twice suspended for missing work, and that she followed Smith to the parking lot with the intention of fighting her—admissions that provide ample evidence that she was not meeting the Postal Service's expectations. Sherrill, in her brief, gives her version of the events leading to these disciplinary actions, but they are unsupported by evidence or citations to the record, and are largely irrelevant to the ultimate disciplinary actions. Even if Smith initiated the 2003 encounter by hitting Sherrill with her bag or verbally insulting her, as Sherrill insists, the Postal Service was well within its rights to evaluate the incident as a whole and to decide what disciplinary measures were appropriate.

We also agree with the district court that, even if Sherrill could make out a *prima facie* case for retaliation, she could not show that the Postal Service's stated reason for firing her was pretextual. See *McCoy v. Maytag Corp.*, 495 F.3d 515, 523 (7th Cir. 2007). Sherrill maintains that the timing of her firing—one month after her EEO complaint—created an issue of material fact regarding whether she was terminated in retaliation for that complaint. The proximity in time of an EEO complaint and an adverse employment action can be evidence of discrimination. See *Boumehdi v. Plastag Holdings, LLC.*, 489 F.3d 781, 793 (7th Cir. 2007). But between the time Sherrill filed an EEO charge in November 2003 and when she was fired in December 2003, the Postal Service, after an investigation and two pre-disciplinary hearings, found that she had threatened a fellow employee. There is no evidence connecting the EEO charge to her firing, and the December incident with Smith explains the timing of Sherrill's termination. Sherrill presented nothing to contradict the Postal Service's assertion that she was fired because of that incident.

Finally, Sherrill argues that the district court erred in denying her Rule 59(e) motion without allowing her to supplement the record to respond to the Postal Service's motion for summary judgment. The district court, however, did not abuse its discretion in denying the motion: it properly held Sherrill to the local rules; Sherrill did not point to any manifest error of law or fact; and in any event Sherrill's motion would not have changed the outcome of the case. See *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir 2000) (Rule 59(e) is not a vehicle for a litigant to undo her own procedural failures); see also *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (affirming denial of 59(e) motion because, in part, new evidence would not have changed outcome).

AFFIRMED.