**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 5, 2019[*]
Decided March 5, 2019

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2322

| | |
|---|---|
| ALFREDO MOLINA-GARCIA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 18 C 1394 |
| ZACHARY T. FARDON and CHRISTOPHER J. STETLER, | |
| *Defendants-Appellees*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Alfredo Molina-Garcia appeals the dismissal of his suit alleging that two prosecutors maliciously prosecuted and then falsely imprisoned him for five years. Because the district court correctly dismissed the suit as untimely, we affirm.

---

[*] The defendants were not served in the district court and are not participating in this appeal in their individual capacities. The United States filed a brief for the defendants in their official capacities only. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid us. *See* FED. R. APP. P. 34(a)(2)(C).

In 2010, Molina-Garcia was arrested and detained on drug-trafficking charges. Molina-Garcia says that, during his detention, he was denied medical care for a "prostate problem" until 2013, when he underwent an unsuccessful surgery. In December 2015—after Molina-Garcia had been detained for five years—the government moved to dismiss the charges against him. The following month, he was transferred from the federal jail to an immigration detention center. He was released from immigration custody in August 2016.

In February 2018, Molina-Garcia sued Zachary Fardon (the former U.S. Attorney for the Northern District of Illinois) and Christopher Stetler (an Assistant U.S. Attorney) in their individual and official capacities, bringing claims for false imprisonment, malicious prosecution, and medical malpractice.

The district court—noting that Molina-Garcia had not invoked the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674, or named the United States as a party defendant—construed the complaint as a *Bivens* action against the officers in their individual capacities only. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Because Molina-Garcia filed suit more than two years after his release from custody on the dismissed charges, the court ordered him to show cause why the complaint should not be dismissed as time-barred. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (statute of limitations for *Bivens* actions in Illinois is two years). Molina-Garcia responded that he was not released from immigration custody until August 2016; he feared that filing suit earlier would adversely affect his application for a work permit; and he lacked resources and knowledge of the law. Finding those explanations insufficient to merit equitable tolling, the court dismissed the suit as untimely.

We pause to clarify the nature of Molina-Garcia's claims and the scope of this appeal. Although the district court construed his suit as a *Bivens* action, Molina-Garcia does not develop any appellate arguments about (or even mention) his claims against the prosecutors in their individual capacities. It thus appears that he no longer wishes to pursue a *Bivens* action. *See Ienco v. Angarone*, 429 F.3d 680, 685 (7th Cir. 2005).[1]

---

[1] Even if Molina-Garcia had pursued his *Bivens* claims on appeal, the district court properly dismissed them: "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (*citing Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). And because "a *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others,"

Molina-Garcia focuses his brief on his official-capacity claims, which, for purposes of this order, we will treat has having been brought against the United States under the FTCA. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The district court considered construing these claims in this manner but declined to do so because Molina-Garcia failed to name the United States as a defendant in the complaint. However, this pleading error is not necessarily fatal to his federal tort claims. *See, e.g.*, 28 U.S.C. § 2679(d)(1) (requiring substitution of United States as defendant if government certifies that its employee was acting within scope of employment when alleged tort occurred).[2]

Molina-Garcia first argues that the two-year limitations period for his malicious-prosecution and false-imprisonment claims should have started running upon his release from immigration custody in August 2016 because the indictment and federal incarceration "clearly led to the immigration detention." But any causal connection between these events is irrelevant for claim-accrual purposes. To the extent Molina-Garcia alleges that he was detained on drug charges without probable cause, his claims accrued on January 11, 2016, upon his release from custody on those charges. *See Manuel v. City of Joliet*, 903 F.3d 667, 669–70 (7th Cir. 2018); *see also Alexander v. United States*, 721 F.3d 418, 425 (7th Cir. 2013) (noting that federal claim-accrual rules, including the continuing-violation doctrine, apply in FTCA suits). Molina-Garcia's detention beyond that date was not for the dismissed drug charges but for immigration purposes, and he does not allege that the immigration detention itself was unlawful.

Molina-Garcia also argues that, even if the claims accrued in January 2016, the seven months he spent in immigration custody should be equitably tolled because during that time, he had no access "to any legal materials whatsoever." But he misconstrues the equitable-tolling doctrine. For equitable tolling to apply, he must show that some "extraordinary circumstance" prevented him from filing suit and that he had been pursuing his rights diligently. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) (equitable tolling is available in FTCA suits). Molina-Garcia has shown neither. First, incarceration, lack of

---

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017), the prosecutors may not be held personally liable for the medical care that Molina-Garcia received during his pretrial detention.

[2] Molina-Garcia also did not state whether he presented his claims to the appropriate federal agency within two years after their accrual, *see* 28 U.S.C. §§ 2401(b), 2675(a), but this omission is not dispositive either. *See Watkins v. United States*, 854 F.3d 947, 948–49 (7th Cir. 2017) (discussing FTCA's "savings clause," 28 U.S.C. § 2679(d)(5), which allows unexhausted claims to proceed in limited circumstances).

resources, and ignorance of the law are not "extraordinary circumstances" that merit equitable tolling. *See, e.g., Bryant v. City of Chicago*, 746 F.3d 239, 242 (7th Cir. 2014); *Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008). Second, regarding diligence, even if Molina-Garcia was prevented from filing a claim during his seven months in immigration detention, he never justified his failure to file suit within the ensuing seventeen months. *See Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir. 1990). Indeed, he concedes that he had "the means and the time" upon his release to research and submit a timely claim; he just failed to do so.[3]

Because the district court did not abuse its discretion in refusing to equitably toll the statute of limitations, the judgment is AFFIRMED.

---

[3] Molina-Garcia does not mention his medical-malpractice claim on appeal, but it too would be untimely. This claim accrued, at the latest, in May 2013, after the surgery that allegedly caused his ongoing injuries. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). The two-year limitations period thus expired in May 2015, nearly three years before he filed suit (and well before he was placed in immigration detention).